IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| TINA ROBERTSON, RONAL REYNOLDS, FRAN PORTER, and CATHY MCCREADY individually, and on behalf of a class of others similarly situated | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 07-CV-00865-FJG |
| LTS MANAGEMENT SERVICES, LLC, a Missouri Limited Liability Company, MARK E. CURRY, and DEL KIMBALL, | ) ) ) ) ) | |
| Defendants. | ) | |

**DEFENDANTS LTS MANAGEMENT SERVICES, LLC'S AND
DEL KIMBALL'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION
FOR CONDITIONAL CERTIFICATION AND NOTIFICATION OF
<u>PUTATIVE CLASS MEMBERS</u>**

## TABLE OF CONTENTS

Title                                                                                                       Page

INTRODUCTION AND BACKGROUND ........................................................................... 2

ARGUMENT .................................................................................................................... 3

   Section 216(b) Certification Must Promote Efficient Resolution. ................................. 3

   There is Not a Class to Certify ................................................................................... 4

   Any Remaining Plaintiffs Are Not Similarly Situated ..................................................... 6

   Plaintiffs' Claims are Precluded By Individual Defenses ............................................ 10

   The Form of the Proposed Notice is Improper ........................................................... 11

CONCLUSION ................................................................................................................ 12

## TABLE OF AUTHORITIES

Page

**Cases**
*Anderson v. Cagle's, Inc.*, 488 F.3d 945 (11th Cir. 2007) ............................................. 8,10
*Barron v. Henry County Sch. Sys.*, 242 F. Supp. 2d 1096 (M.D. Ala. 2003) ................... 7
*Basco v. Wal-Mart Stores, Inc.,* 2004 WL 1497709 (E.D. La. July 2, 2004) ............. 8,10
*Basco*, 216 F. Supp. 2d 592 (E.D. La. 2004) .................................................................. 11
*Bayles v. Am. Med. Response of Colo., Inc.,* 950 F. Supp. 1053 (D. Colo. 1996) ........... 4
*Bullington v. Fayette County Sch. Dist. et al.,* 540 S.E.2d 664 (Ga. App. 2000) ............. 5
*Carino v. B&M Auto Collisions Center*, 2004 WL 413299 (N.D. Ill. Jan. 30, 2004) ......... 6
*Carlsonv. Leprino Foods co.*, 2006 WL 1851245 (W.D. Mich. June 30 2006) ............... 10
*Davis v. Novastar,* 408 F. Supp. 2d 811 (W.D. Mo. 2005) ............................................... 8
*Dent v. Cox Communications Las Vegas, Inc.*, 502 F.3d 1141 (9th Cir. 2007) ................ 6
*Diaz v. Elecs. Boutique of Am., Inc.,* 2005 WL 2654270 (W.D.N.Y. 2005) .............. 8,9,10
*Dietrich v. Liberty Square, L.L.C.*, 230 F.R.D. 574 (N.D. Iowa 2005) .............................. 3
*England v. New Century Fin. Corp.,* 370 F. Supp. 2d 504 (M.D. La. 2005) ................ 8,10
*Evancho v. Sanofi-Aventis*, 2007 WL 4546100 (D.N.J. 2007) ...................................... 3,7
*Freeman v. Wal-Mart Stores, Inc.*, 256 F. Supp. 2d 941(W.D. Ark. 2003) ....................... 4
*Harper v. Lovett's Buffet, Inc.,* 185 F.R.D. 358 (M.D. Ala. 1999) .................................. 10
*Haynes v. Singer Co.*, 696 F.2d. 884 (11th Cir. 1983) .................................................... 10
*Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989) ........................................... 3, 4
*Holt v. Rite Aid Corp.*, 333 F. Supp. 2d. 1265 (M.D. Ala. 2004) ...................................... 7
*Kalish v. High Tech Inst., Inc.,* 2005 WL 1073645 (D. Minn. Apr. 22, 2005) ................ 3, 7
*Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987) *vacated in part*, 855 F.2d 1062
 (3rd Cir. 1988), *adhered to on remand*, 122 F.R.D. 463 (D.N.J. 1988) ....................... 7
*Marsh v. Butler County Sch. Sys.*, 242 F. Supp. 2d 1086 (M.D. Ala. 2003) .................... 8
*Miller v. Citizens Sec. Group, Inc.,* 116 F.3d 343 (8th Cir. 1997) ..................................... 9
*Mooney v. Aramco Servs. Co.,* 54 F.3d 1207 (5th Cir. 1995) ........................................... 3
*Murray v. Stuckey's Inc.*, 939 F.2d 614 (8th Cir. 1991) .....................................................
*Niland v. Delta Recycling Corp.,* 377 F.3d 1244 (11th Cir. 2004) .................................... 6
*Parker v. Rowland Express, Inc.*, 492 F.Supp. 2d 1159 (D. Minn. 2007) ........................ 4
*Rachid v. Jack In The Box, Inc.,* 376 F.3d 305 (5th Cir. 2004) ......................................... 3
*Ray v. Motel 6 Operating Ltd. P'ship,*, 1996 WL 938231 (D. Minn. Mar. 18, 1996) ... 9, 10
*Rose v. Consolidated Elec. Distrib.,* 816 F.Supp. 489 (N.D.Ill.1993) ............................... 5
*Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264 (D.Minn. 1991) .......................... 3, 4
*Severtson v. Phillips Beverage Co.,* 141 F.R.D. 276 (D. Minn. 1992) ............................. 7
*Sheffield v. Orius Corp.*, 211 F.R.D. 411(D. Or. 2002) ..................................................... 8
*Smith v. Heartland Auto. Serv..* 404 F. Supp. 2d 1144, (D. Minn. 2005) ......................... 7
*Solis v. Hotels.com Texas, Inc.*, 2004 WL 1923754 (N.D. Tex. Aug. 26, 2004) .............. 6
*Thiessen V. General Electric Captial Corp.*, 267 F.3d 1095 (10th Cir. 2001) .................. 7
*West v. Border Foods, Inc.*, 2006 WL 1892527 (D. Minn. July 10, 2006) ...................... 10
*Williams v. Accredited Home Lenders, Inc.*, 2006 WL 2085312 (N.D. Ga. July 25, 2006)
 ............................................................................................................................... 11

**Statutes**

29 U.S.C. § § 216(c)............................................................................................................... 1
29 U.S.C. § 216(b) ............................................................................................................ 3, 8

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| TINA ROBERTSON, RONAL REYNOLDS, ) <br> FRAN PORTER, and CATHY MCCREADY ) <br> individually, and on behalf of a class ) <br> of others similarly situated ) <br>   ) <br> Plaintiffs, ) <br>   ) <br> v.                                         ) <br>   ) <br> LTS MANAGEMENT SERVICES, LLC, a ) <br> Missouri Limited Liability Company, ) <br> MARK E. CURRY, and DEL KIMBALL, ) <br>   ) <br> Defendants. ) | Case No. 07-CV-00865-FJG |

### DEFENDANTS LTS MANAGEMENT SERVICES, LLC'S AND DEL KIMBALL'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND NOTIFICATION OF <u>PUTATIVE CLASS MEMBERS</u>

Defendants LTS Management Services, LLC (LTS) and Del Kimball respectfully submit this response to Plaintiff's Motion[1] for Conditional Certification and Notification of All Putative Class Members. The Court should deny Plaintiffs' motion because two of the Plaintiffs and the vast majority of their putative class members have signed a Form WH-58 releasing their claims and/or negotiated a check in full settlement of any claims for back wages, all pursuant to an investigation and resolution supervised by the Department of Labor under 29 U.S.C. § 216(c). Alternatively, the motion should be denied because any remaining class members are not similarly situated, and individual claims and defenses will predominate, making it inappropriate for collective treatment.

---

[1] On May 30, 2008 the Plaintiff filed her motion for conditional certification and motion for leave to file a first amended complaint. On June 12, 2008 the Court granted leave to file the first amended complaint that added three additional parties and added three state law claims.

## INTRODUCTION AND BACKGROUND

In the First Amended Complaint, Plaintiffs allege Defendants LTS Management Services (LTS), Del Kimball and Mark Curry violated the Fair Labor Standards Act (FLSA) by: (1) requiring Plaintiffs and other collection specialists to work off-the-clock without being paid regular or overtime pay; (2) altering time records to avoid overtime obligations; and (3) failing to include performance-based bonuses in regular or overtime rate calculations. (*See* Pl.'s Suggestions at p.1).[2]

Plaintiff Tina Robertson initially filed a two-count complaint seeking collective action status under 29 U.S.C. § 216(b) for alleged FLSA violations and seeking Rule 23 class action status for those same alleged violations under a state law breach of contract action. On May 19, 2008, Plaintiff Tina Robertson filed a motion for leave to amend her complaint to include three additional state law claims for: quantum meruit, unjust enrichment, and violation of Mo. Rev. Stat. § 290.500 *et seq.* (earned wages and overtime) and add three opt-in Plaintiffs as named party Plaintiffs. On May 30, 2008, Plaintiff Tina Robertson filed her present motion, which attached five, conclusory, affidavits identical in content except for the name and affiant and dates of employment. On June 12, 2008, the Court granted Plaintiff's motion to amend her complaint.

Plaintiffs' request for certification under Section 216(b) is unwarranted. Most, if not all, of the claims are precluded by the receipt and signature of a DOL waiver of claims and/or negotiation of a check from LTS. (*See* Defendants' motions for partial summary judgment simultaneously filed with this opposition). Moreover, to the extent any claims remain, there are numerous dissimilarities among the named and putative

---

[2] Plaintiffs' also complain about alleged manipulation of bonus programs. However, these allegations are not within the scope of the complaint even as amended. Therefore they cannot serve to satisfy the similarly situated element.

plaintiffs as well as a predominance of individualized defenses to their alleged claims. Accordingly, if the Plaintiffs can proceed at all, they should do so as individual actions.

## ARGUMENT

### I. Section 216(b) Certification Must Promote Efficient Resolution.

Section 216(b) is meant to serve the interest of judicial economy by "efficient resolution in one proceeding of common issues of law and fact arising from the same alleged [unlawful] activity." *See Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989). Issuance of a notice is not an automatic right; the Court's power to issue notice "is to be exercised only in 'appropriate cases.'" *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 266 (D.Minn. 1991) ("*Severtson 1*"); *accord Dietrich v. Liberty Square, L.L.C.*, 230 F.R.D. 574, 577 (N.D. Iowa 2005). Where, as here, conditional certification is not appropriate, notice to potential class members will not be issued. *E.g., Evancho v. Sanofi-Aventis*, 2007 WL 4546100 at *4 (D.N.J. 2007).

Court-supervised notice is only appropriate in those limited circumstances where the plaintiffs demonstrate that: (1) there are potential class members who desire to join the lawsuit; (2) the potential class members are similarly situated;[3] and (3) the factual similarities among the plaintiffs are such as to render them manageable as a class and to promote the efficient resolution in one proceeding of common issues of law and fact arising from the same alleged activity - i.e., that providing notice to bring individuals into

---

[3] Courts generally use a two-step process in assessing whether individuals are similarly situated. *Mooney v. Aramco Servs. Co.,* 54 5.3d 1207, 1213 (5th Cir. 1995), *abrogated on other grounds*, *Rachid v. Jack In The Box, Inc.,* 376 F.3d 305 (5th Cir. 2004). At the "notice stage," as here, named plaintiffs seek conditional certification of an alleged class and request authorization to send judicial notice of the action to purported class members. *Id. See also Kalish v. High Tech Inst., Inc.,* 2005 WL 1073645, at *1 (D. Minn. Apr. 22, 2005). At the "decertification phase," the defendant again asks the court to rule on whether the claimants are similarly situated. *Mooney*, 54 F.3d at 1214. "If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice." *Id.*

one case is an efficient way to handle the case. *Sperling*, 493 U.S. at 170; *Parker v. Rowland Express, Inc.*, 492 F.Supp. 2d 1159, 1164-65 (D. Minn. 2007); *Bayles v. Am. Med. Response of Colo., Inc.,* 950 F. Supp. 1053, 1066-67 (D. Colo. 1996).

Although the Court can later decertify the class, "[i]t would be a waste of the Court's and the litigants' time and resources to notify a large and diverse class only to later determine that the matter should not proceed as a collective action because the class members are not similarly situated." *Freeman v. Wal-Mart Stores, Inc.*, 256 F. Supp. 2d 941, 945 (W.D. Ark. 2003). Similarly, because "[i]n seeking court-authorized notice, plaintiffs are in effect asking this court to assist in their efforts to locate potential plaintiffs and thereby expand the scope of this litigation," the Court, "[a]s a matter of sound case management, . . . should, before offering such assistance, make a preliminary inquiry as to whether a manageable class exists." *Severtson 1*, 137 F.R.D. at 266.

## II. There is Not a Class to Certify.

Plaintiffs seek to have the Court certify a putative class which has already been subject to a Department of Labor Wage and Hour Division investigation that preceded the filing of this lawsuit. This investigation resulted in a supervised settlement pursuant to Section 216(c) of the FLSA. Declaration of W. Brooks Pierce at ¶3, 5-6.[4] As a result of this investigation LTS received from DOL Forms WH-58, to provide to its employees with checks for unpaid wages. *Id.,*at ¶6. Checks and releases were sent to 71 present or former employees of the collections department the DOL determined had been underpaid. *Id..* Of these, 53 (75 percent) have signed a waiver and/or negotiated the check. *Id.*

---

[4] Copy attached hereto.

As is set forth in more detail in the motions for summary judgment on Ms. Robertson's and Ms. McCready's FLSA claims filed simultaneously with this Response, the claims of a substantial number of the putative class will be precluded as a matter of law.[5] To the extent Plaintiffs hope to somehow challenge the releases, such challenges would necessarily involve highly individualized inquiry making collective treatment inappropriate.

Accordingly, Plaintiffs cannot show that there is a viable class of potential persons to opt in to this action because of the effect of a release and settlement supervised by the Department of Labor (DOL) under Section 216(c). That provision provides, in pertinent part:

> The Secretary is authorized to supervise the payment of the unpaid ... overtime compensation owing to any employee or employees under section 6 or 7 of this Act, and the agreement of any employee to accept such payment shall upon payment in full constitute a waiver by such employee of any right he may have under subsection (b) of this section to such unpaid ... overtime compensation and an additional equal amount as liquidated damages.

As the court explained in *Bullington v. Fayette County Sch. Dist. et al.,* 540 S.E.2d 664, 666-67 (Ga. App. 2000), this subsection provides an incentive for employers, by avoiding additional liability, to pay the required overtime under the supervision of the DOL. Employees have a choice: take the settlement offered immediately and forgo the right to additional damages, or forgo immediate payment and pursue the right to additional damages. *Id.* (citing *Rose v. Consolidated Elec. Distrib.,* 816 F.Supp. 489, 490 (N.D.Ill.1993)).

---

[5] Similarly, the claims of two of the opt-ins, Bethany White and Tejuanie White would be precluded as a matter of law. Pierce Decl. at ¶ 7.

It is well-accepted that, when an employee signs Form WH-58, the employee may not sue the employer for back wages under the FLSA for the time period specified on the Form WH-58. *See, e.g., Dent v. Cox Communications Las Vegas, Inc.*, 502 F.3d 1141 (9th Cir. 2007) (affirming dismissal of claims where employee signed Form WH-58); *Carino v. B&M Auto Collisions Center*, 2004 WL 413299 (N.D. Ill. Jan. 30, 2004) (summary judgment for employer where employee had signed Form WH-58); *Solis v. Hotels.com Texas, Inc.*, 2004 WL 1923754 (N.D. Tex. Aug. 26, 2004) (summary judgment for employer where employees had signed Form WH-58 and/or negotiated checks); *Bullington*, 540 S.E.2d at 667 (granting summary judgment noting that "claim waived when he endorsed the check and retained the proceeds" although he did not sign WH-58). *Cf. Niland v. Delta Recycling Corp.*, 377 F.3d 1244 (11th Cir. 2004) (summary judgment for employer where DOL approved waiver language used by employer).

Here, Defendants have filed a motion for partial summary judgment based on the signing of the Form WH-58 and/or negotiation of the back wage checks from the DOL by certain Plaintiffs and putative class members. This pending motion has the potential to drastically alter, if not entirely eliminate, all of Plaintiffs' and their putative class members' claims. Thus, it would be a futile exercise to send out a notice to a group of present and former employees many of whom have already waived any rights under the FLSA.

**III. Any Remaining Plaintiffs Are Not Similarly Situated**.

Assuming there was a viable class to certify, the touchstone of a collective action is found in the similarly situated element which can be shown by a "common thread

6

unifying plaintiffs' claims" such as a "company wide action . . . during a short period of time." *Lusardi v. Xerox Corp.*, 118 F.R.D. 351, 361 (D.N.J. 1987) (*Lusardi I*), *vacated in part*, 855 F.2d 1062 (3rd Cir. 1988), *adhered to on remand*, 122 F.R.D. 463 (D.N.J. 1988) (*Lusardi II*). Even at the conditional certification stage, certification should be denied when it appears that potential class members are not similarly situated. *See Evancho*, 2007 WL 4546100 at * 4.

Plaintiffs must either show: (1) that the putative class members were together the victims of a single formal decision, policy, or plan, *Kalish v. High Tech Inst., Inc.*, 2005 WL 1073645, at *2 (D. Minn. Apr. 22, 2005) (citing *Thiessen V. General Elec. Captial Corp.*, 267 F.3d 1095 , 1102(10th Cir. 2001)); *Smith v. Heartland Auto. Servc.* 404 F. Supp. 2d 1144,1149 (D. Minn. 2005) (citing *Severtson v. Phillips Beverage Co.,* 141 F.R.D. 276, 278-279 (D. Minn. 1992) ("*Severtson 2*")); or absent a formal policy, decision, or plan,

> [a] plaintiff must make some rudimentary showing of commonality between the basis for his claims and that of the potential claims of the proposed class, beyond the mere fact of job duties and pay provisions, because without such a requirement, it is doubtful that § 216(b) would further the interests of judicial economy and it would undoubtedly present a ready opportunity for abuse.

*Barron v. Henry County Sch. Sys.*, 242 F. Supp. 2d 1096, 1103 (M.D. Ala. 2003); *accord Holt v. Rite Aid Corp.*, 333 F. Supp. 2d. 1265, 1270 (M.D. Ala. 2004). In other words, while a unified policy, plan or scheme may not be required by some courts, some identifiable facts or legal nexus must bind the claims so that hearing the cases together promotes judicial efficiency*. Barron*, 242 F. Supp. 2d at 1103 (*citing Sheffield v. Orius Corp.*, 211 F.R.D. 411, 416 (D. Or. 2002)).

7

Plaintiffs rely on cases involving misclassification of employees in which it is *relatively easy* for the plaintiffs to show they are similarly situated because they were together the victims of the employer's decision, policy, or plan to classify their position as exempt. *See e.g.,* Pl. Suggestions at p.8 (discussing this Court's decision in *Davis v. Novastar,* 408 F. Supp. 2d 811, 817 (W.D. Mo. 2005) (authorizing notice in misclassification case, noting that "plaintiffs' primary claim is that defendants had a company-wide policy classifying all loan originators as exempt employees and not paying those employees overtime pay").

In contrast, in an off-the-clock case such as alleged here, the issue is whether the defendant paid the Plaintiffs for all their hours worked. Plaintiffs must show more than the fact that the putative class members held the job title and were paid on a similar basis to show they are similarly situated for purposes of Section 216(b). *See Anderson v. Cagle's, Inc.*, 488 F.3d 945, 953 (11th Cir. 2007). Instead, to be similarly situated, plaintiffs in an off-the-clock case must have a colorable claim of a pattern of off-the-clock work caused by a formal or informal policy of the defendant. *Marsh v. Butler County Sch. Sys.*, 242 F. Supp. 2d 1086, 1095 (M.D. Ala. 2003)(denying motion for conditional certification).

Plaintiffs' claims here boil down into the following categories: (1) off-the- clock work; (2) alteration of time records and (3) improper rate calculation. All of these, however, require individualized inquiries into whether managers followed some uniform policy, and if so, to what extent it was applied to any particular Plaintiff. Courts have consistently held that such individualized inquiries are better suited to individual as opposed to class treatment. *See, e.g., Diaz v. Elecs. Boutique of Am., Inc.,* 2005 WL

8

2654270 at *5 (W.D.N.Y. 2005); *England v. New Century Fin. Corp.,* 370 F. Supp. 2d 504, 511 (M.D. La. 2005); *Basco v. Wal-Mart Stores, Inc.,* 2004 WL 1497709 at *7-8 (E.D. La. July 2, 2004); *Ray v. Motel 6 Operating Ltd. P'ship,*, 1996 WL 938231 at *2 (D. Minn. Mar. 18, 1996).

Where, as here, diverse work experiences exist among plaintiffs, representative testimony is not appropriate, and each plaintiff must individually meet his or her burden as to damages. *See Murray v. Stuckey's Inc.*, 939 F.2d 614, 621 (8th Cir. 1991) ("[T]he plaintiff in a falsified records case must present a *prima facie* case as to the unpaid overtime hours worked before the burden of proof shifts to the defendant. We also agree that this burden must be met individually by each plaintiff in a case such as this where differing work situations make pattern evidence unpersuasive."). There is no reasonable way to spin this type of individualized, fact-intensive series of mini-trials into a manageable collective action. *See, e.g.*, *Diaz*, 2005 WL 2654270, at *5 (holding allegations of "off-the-clock" work were "too individualized to warrant collective action treatment," where each plaintiff would have to prove "that on any give day he or she arrived early or departed outside of their regularly scheduled hours and were not compensated for such," meaning the plaintiffs were not similarly situated (citation omitted.)); *Carlson ,v. Leprino Foods Co.*, 2006 WL 1851245 at*5 (W.D. Mich. June 30 2006) ("Justice will not be served by forcing multiple distinct factual scenarios onto a Procrustean Bed which aspires to a single plan or policy.").

Here, Plaintiffs have attached five bare-bones and conclusory affidavits to support their motion for conditional certification. These affidavits span less than two pages and set out eight identical paragraphs differing only by name and dates of

9

employment. Such conclusory allegations are of no evidentiary value. *See Miller v. Citizens Sec. Group, Inc.,* 116 F.3d 343, 346 (8th Cir. 1997). While Plaintiffs cite to decisions by this Court based in part on declarations, even where affidavit evidence is supplied, courts have refused to authorize class notice where the affidavits consisted of only unsupported generalities regarding widespread FLSA violations. *See Haynes v. Singer Co.*, 696 F.2d. 884, 887 (11th Cir. 1983); *Harper v. Lovett's Buffet, Inc.,* 185 F.R.D. 358, 363 (M.D. Ala. 1999).

In the limited discovery conducted to date, the record evidence establishes that: (1) Plaintiffs are not similarly situated to other prospective or putative plaintiffs; (2) their claims are not representative of and, therefore, lack common issues with, other prospective or putative plaintiffs; and (3) there is no basis for concluding that the potential group of "opt-in" plaintiffs are so numerous as to require collective treatment, as opposed to having other individual claims proceed separately and individually. Accordingly, like courts deciding the issue in similar factual circumstances involving alleged "off-the-clock" work, denial of Plaintiffs' request to solicit additional participants for a misconceived collective action is in order here. *See, e.g.*, *Williams v. Accredited Home Lenders, Inc.*, 2006 WL 2085312 at *4-5 (N.D. Ga. July 25, 2006); *West v. Border Foods, Inc.*, 2006 WL 1892527 at *6-9 (D. Minn. July 10, 2006). *Diaz,* 2005 WL 2654270 at *5; *England,* 370 F. Supp. 2d at 511; *Basco,* 2004 WL 1497709 at *7-8; *Ray*, 1996 WL 938231 at *2.

**IV.   Plaintiffs' Claims are Precluded By Individual Defenses**

It is well established that a collective action is not appropriate where, as here, individualized defenses apply to multiple would-be class plaintiffs, rendering collective

action treatment unmanageable. *Anderson*, 488 F. 3d at 954, n. 8. The *Basco* court's explanation of the myriad of such potential individual defenses is equally applicable here:

> as to any of the class members [defendants] may argue that: (1) the particular class member did not in fact work off-the-clock; (2) any instructions received to work off-the-clock without compensation were outside the scope of authority and directly contrary to well established policy and practice, (3) even if a particular class member did work off-the-clock, that employee unreasonably failed to avail themselves of curative steps provided by defendant to be compensated for that work, (4) if a class member received instructions from a fellow class member such as a personnel manager or hourly supervisor to work off-the-clock and/or not to request a time adjustment, then the class member unreasonably relied on instructions directly contrary to Wal-Mart's express policy, (5) a class member had an actual and/or constructive knowledge of Wal-Mart's policies banning off the clock work and voluntarily chose to engage in such work in defiance of that policy for any number of reasons, and (6) that a particular class member has a unique animus toward Wal-Mart or its employees that would cause that class member to fabricate or inflate his or her claims.

*Basco*, 216 F. Supp. 2d at 603.

In short, Defendants have the right to assert all or any of these same defenses in this action. Because these individual defenses will predominate, the Court should not certify a class under Section 216(b).[6]

### V. The Form of the Proposed Notice is Improper

In the event the Court authorizes Plaintiffs to send Judicial Notice of this action to current and former collectors, the propriety of which Defendants deny, Defendants

---

[6] Defendants have contemporaneously filed a Motion to Dismiss all of the state law claims in Plaintiff's First Amended Complaint. As discussed in that motion and supporting suggestions, those claims are preempted or otherwise incompatible with Section 216(b). The pendancy of that Motion provides further reason for the Court to deny Plaintiffs' request for conditional certification at least until the Court determines, which, if any, claims it will exercise jurisdiction over in this matter.

11

respectfully request the opportunity to meet and confer with Plaintiffs' counsel regarding the contents of the notice. Defendants object to the form Plaintiffs' Proposed Notice. (*See* Doc. No. 44, Exhibit 1). The notice Plaintiffs propose (Exhibit 1 to Doc. 44) is misleading, confusing, and overly suggestive. For example, in bold faced type, Plaintiffs state, in relevant part, "it is extremely important that you read, sign, and promptly return the Consent to Join Form." Similarly, Plaintiffs improperly attempt to solicit participation with assurances the opt-in Plaintiffs need not worry about attorneys' fees absent a recovery. (Notably, counsel is silent on the issue of costs.) Plaintiffs' notice also incorrectly characterizes the law regarding the impact of the DOL settlement. The Plaintiffs' attempts at persuading participation undermine the purpose of Court-authorized notice.

Defendants are optimistic the parties can reach a mutually agreeable resolution to the issues with Plaintiffs' Proposed Notice. In the event the parties unable to develop a mutually acceptable notice, however, then Defendants proposes submitting its specific, detailed objections to Plaintiffs' Proposed Notice, with alternate provisions, within five (5) business days from the Court's Order.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, Defendants pray that Plaintiffs' motion be denied and that the Court further award their costs incurred in connection with the defense of this litigation, including reasonable attorney's fees.

Respectfully submitted.

**HUSCH BLACKWELL SANDERS, LLP**

By: */s/ John K. Power*
   John J. Yates     MoBar #24751
   John K. Power    MoBar #35312
   1200 Main Street, Suite 2300
   Kansas City, Missouri 64105
   Telephone: (816) 421-4800
   Facsimile: (816) 421-0596
   E-mail Address: jack.yates@huschblackwell.com
   E-mail Address: john.power@huschblackwell.com

and

   Kimberly Jones   MoBar #46688
   4801 Main Street, Suite 1000
   Kansas City, Missouri  64112
   Telephone: (816) 983-8000
   Facsimile: (816) 983-8080
   E-mail Address: Kimberly.jones@huschblackwell.com

   ***ATTORNEYS FOR DEFENDANTS***
   ***LTS MANAGEMENT SERVICES, LLC and***
   ***DEL KIMBALL***

## CERTIFICATE OF SERVICE

The undersigned certifies the foregoing document was served electronically to those parties who have entered an appearance in the Court's Electronic Court Filing (ECF) System and conventionally, via first-class United States mail, postage prepaid to those parties who have requested notice but are not participating in the ECF System, pursuant to Instructions appearing on the Electronic Filing Receipt received from the U.S. District Court for the Western District of Missouri on this 30th day of June, 2008.


        */s/ John K. Power*
Attorneys for Defendants
LTS Management Services, LLC and
Del Kimball