# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | | |
|---|---|---|
| TINA ROBERTSON, individually and on behalf of a class of others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) | No. 07-0865-CV-W-FJG |
| | ) | |
| LTS MANAGEMENT SERVICES LLC., et al., | ) ) | |
| Defendants. | ) | |

# ORDER

Currently pending before the Court is plaintiffs' Motion to Certify Class Under §
216(b) (Doc. # 44); defendants' Motion to Dismiss Counts II-V (Doc. # 61); defendants'
Motion for Partial Summary Judgment on the FLSA Claim of Cathy McCready (Doc. #
63); defendants' Motion for Partial Summary Judgment on the FLSA Claim of Tina
Robertson (Doc. # 64); plaintiffs' Motion to Strike Affirmative Defenses from Defendant
Curry's Answer (Doc. # 79) and plaintiffs' Motion to Strike Affirmative Defenses from
Defendant LTS Management Services and Kimball's Answer (Doc. # 84).

## I. BACKGROUND

Plaintiffs move the Court to conditionally certify plaintiffs' claims as a collective
action under the Fair Labor Standards Act ("FLSA") and for Court authorized notice
pursuant to § 216(b) of the FLSA. Plaintiffs seek to conditionally certify a collective
action consisting of:

> All current and former LTS hourly employees whose job duties involved
> debt collection activities of contacting debtors regarding alleged delinquent
> accounts or attempting to secure payment from such debtors and who
> have worked for Defendants at any time during the last three years.

Additionally, plaintiffs are asking that the Court approve a notice that can be sent to all potential opt-in plaintiffs informing them of their right to join the action and assert claims under the FLSA.

## II. DISCUSSION

### A. Motion to Conditionally Certify

Section 7 of the FLSA mandates that an employer may not subject non-exempt employees to a work week in excess of 40 hours unless the employee is compensated for her overtime with additional pay of at least one and one half times her regular hourly wage. 29 U.S.C. § 207. The Act also provides that any employer who violates this restriction 'shall be liable to the employee or employees affected in the amount of their . . . unpaid overtime compensation . . . and in an additional equal amount as liquidated damages.' 29 U.S.C. § 216(b). An action to recover the overtime and liquidated damages may be maintained 'by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.' Id.

Young v. Cerner Corp., 503 F.Supp.2d 1226, 1228 (W.D.Mo. 2007). In Young, the Court noted that "[t]he Eighth Circuit has not yet adopted a standard for determining whether plaintiffs and the class they wish to represent are 'similarly situated' but other courts in the Western District of Missouri have used a two-step approach." Id. at 1229. The Court noted that under this approach plaintiff will move for conditional certification for notice purposes early in the litigation, and the defendants may then move to decertify the class at the close of discovery. "Conditional certification in the first step requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan. . . . Although the standard is a lenient one, plaintiffs must present more than mere allegations; i.e. some evidence to support the allegations is required." Id. at 1229 (internal citations and quotations

2

omitted).

In the instant case, plaintiffs allege that all collection specialists were subjected to the same common policy or plan, practice or environment that required hourly employees to arrive at work prior to their scheduled paid shifts to make phone calls, work through breaks and meal periods and work after their shifts ended and on weekends. Plaintiffs allege that they were required to work off the clock and no overtime was paid. Tina Robertson, in her affidavit states that if she recorded time worked over forty hours in a work week, the defendants would artificially limit her recorded time to slightly over or below the forty hours per week. Ms. Robertson states that defendants artificially limited the recorded time for other collection specialists as well. The affidavits of the other collection specialists, Fran Porter, Ronal Reynolds, Tierra Llamas and Malena Bunch all contain similar allegations.

Defendants argue that there is no class to certify because the putative class has already been subject to a Department of Labor Wage and Hour Division investigation that preceded the filing of the lawsuit. Defendants state that the investigation resulted in a settlement and that checks and releases were sent to seventy-one present or former employees. Of these seventy-one employees, defendants state that fifty-three employees have now signed a waiver and/or negotiated the check. With regard to the remaining employees, defendants state that these employees are not similarly situated. Defendants argue that the plaintiffs' affidavits are conclusory and of no evidentiary value. Additionally, defendants argue that the plaintiffs' claims are precluded by individual defenses and that the form of the proposed notice is improper. Defendant Mark Curry filed a separate response to the motion to argue that he is not an "employer"

3

under the FLSA as to three of the four named plaintiffs. Curry formerly had an ownership interest in LTS, however he argues that he no longer has an ownership interest nor any other interest sufficient to render him an "employer" under the FLSA.

Plaintiffs argue in reply that the waiver arguments presented by defendants should not be considered at the conditional certification stage, but instead should be reserved for a decision on the merits of plaintiffs' claims. Additionally, plaintiffs argue that even assuming the seventy-one current and former employees comprise the entire class, there are still eighteen employees who have not signed waivers or negotiated checks. Plaintiffs also argue that the affidavits which were submitted were sufficiently detailed in order to show that they were all subject to a uniform policy at one location. With regard to Curry's arguments, plaintiffs state that individual defenses should not be considered at the conditional certification stage and should instead be considered when deciding the merits of plaintiffs' claims.

The Court agrees with plaintiffs that they have met the minimal burden to show that they were "similarly situated" and were victims of a single decision, policy or plan of defendants. Plaintiffs have offered the affidavits of five different individuals who all worked as collection specialists at the same office. Defendants argue that the affidavits are conclusory and contain the same information. However, this court has previously held that "[s]igned declarations provide appropriate support for motions such as this . . . in Boyle v. Barber & Sons, [No. 03-0574-CV-W-FJG, 2004 U.S.Dist. LEXIS 29168, *9, (W.D.Mo. May 21, 2004)], this Court granted conditional certification based on the affidavit of *one* former employee." Davis v. Novastar Mortg. Inc., 408 F.Supp.2d 811, 816 (W.D.Mo. Nov. 8, 2005). In this case, as in Davis, there are multiple affidavits and

4

the Court finds that they are sufficiently specific. The remaining arguments which defendants raise against conditional certification can be considered when the Court rules on the merits of plaintiffs' claims. Accordingly, the Court hereby **GRANTS** plaintiffs' Motion for Conditional Certification (Doc. # 44).

### B. Form of Notice to the Class

In their motion for conditional certification, plaintiffs included a Proposed Notice of the Lawsuit to be sent out to the potential class. Defendants have objected to various parts of the Notice, arguing that is misleading, confusing, plaintiffs are improperly attempting to solicit participation with assurance that opt-in plaintiffs need not worry about fees, improper characterization of the DOL settlement, lumping all the defendants together, failing to accurately set forth the statute of limitations, implying the Court's endorsement of the action and failing to fully explain the parameters of counsel's representation.

Plaintiffs respond to the issue of waiver by proposing the following language as a compromise:

> **Release and Waiver of Claims:** If you signed a release and waiver of your rights against Defendants under the Fair Labor Standards Act, you may have waived your right to sue. Defendants believe they have the right to enforce the waiver against you. Plaintiffs believe the waiver is unenforceable. The Court has made no ruling related to this issue.

The Court finds that this language accurately sets forth the issue of waiver and that the remainder of the notice is not confusing or misleading. With regard to the issue of fees, this is an issue which plaintiffs will have an opportunity to discuss with counsel before opting into the class. Defendant Curry objects to the notice because he claims it

Case 4:07-cv-00865-FJG   Document 107   Filed 10/09/08   Page 5 of 22

is unfair that he is lumped with all the "Manager Defendants."  However, this is a legal issue which will be decided by the Court and need not be separately stated in the notice.  With regard to the statute of limitations, the Court will allow the three year statute of limitations.  If plaintiffs are unable to prove willful violations of the FLSA, then those members of the class can be excluded at a later time.  It should be noted that plaintiffs agree that October 30, 2004 is incorrect and that the correct date is November 15, 2007.  The Court does not find that the Notice implies the Court's approval or endorsement of the action.  Likewise, the Court does not find that the Notice fails to adequately explain the parameters of counsel's representation.  Accordingly, with the corrections noted above, the Notice proposed by plaintiffs' counsel is hereby **APPROVED**.

### C. Motion to Dismiss Counts II-V

Defendants have moved to dismiss Counts II - V of plaintiffs' First Amended Complaint on the following grounds: 1) the claims are preempted by the Fair Labor Standards Act; 2) the claims are incompatible with Section 216(b); 3) the Rule 23 class action violates the Rules Enabling Act and 4) the claims are precluded by the at-will employment doctrine.

### 1. Standard

The Supreme Court recently issued a new standard to apply when considering motions to dismiss.  In Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), the Supreme Court rejected the "no set of facts" language from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  The Court stated:

6

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . . Factual allegations must be enough to raise a right to relief above the speculative level . . .on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . .

Id. at 1964-65 (internal citations and quotations omitted). The Court went on to note that, "of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." Id. at 1965 (internal citations and quotations omitted). The Court emphasized that "we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

### 2. Preemption

Defendants argue that the FLSA preempts common law claims that "depend on establishing that [the employer] violated the FLSA." Anderson v. Sara Lee Corp., 508 F.3d 181, 193 (4th Cir. 2007). Defendants state that the plaintiffs' FLSA claim and the state law claims for breach of contract, quantum meruit, unjust enrichment and the Missouri wage claim are based on the same facts and thus the claims are preempted. Plaintiffs respond that most courts which have considered the issue have rejected the idea that the FLSA preempts state law wage and hour claims and that the cases cited by the defendants represent a minority view. Additionally, plaintiffs argue that their state law claims are not dependent on their FLSA claim. Rather, plaintiffs note that Missouri's wage laws also provide for the payment of minimum wages and overtime pay. Mo.Rev.Stat. § 290.500 *et seq.* Plaintiffs assert that their state claims are not dependent on establishing a FLSA violation.

7

Two recent district court decisions have discussed the issue of FLSA preemption.

In Osby v. Citigroup, Inc., No. 07-CV-06085-NKL, 2008 WL 2074102 (W.D.Mo. May 14, 2008), Judge Laughrey noted:

> Although state law claims sharing core facts with FLSA claims may be preempted . . . the FLSA does not expressly preempt all state law causes of action, 29 U.S.C. § 218(a), even when there is a common core of operative facts. . . . Nor did Congress pervasively regulate the field of wage claims as there is a remaining area which is the subject for appropriate state regulation. . . .

Id. at *2 (internal citations and quotations omitted). In that case, as in the instant case, plaintiffs asserted that their state law claims would not depend on establishing that defendant violated the FLSA.

In Bouaphakeo v. Tyson Foods Inc., 564 F.Supp.2d 870 (N.D. Iowa 2008), the Court also addressed the preemption issue. The Court found that even though the plaintiff's state law claims depended on plaintiffs establishing violations of the FLSA, the Court stated:

> [n]evertheless, the court does not believe such "duplication" means Plaintiff's [state law] claim is preempted by their FLSA claim because the court, like the Court in Williamson, does not believe the FLSA provides the exclusive remedy for its violations. . . . Moreover, because the FLSA does not provide the exclusive remedy for its violations, the court does not believe Plaintiffs' duplicative IWPCL claim "interferes," "frustrates," "conflicts," or "stands as an obstacle" to the goals of the FLSA. . . . It may be true that Plaintiffs' IWPCL claim depends on proving an FLSA violation to succeed. But the court does not see how this dependency or duplication means, under an implied/conflict/obstacle preemption analysis, that Plaintiffs' IWPCL claim is preempted by the FLSA.

Id. at 884-885. The Court stated that it was "aware of the plethora of cases holding that the FLSA preempts duplicative state law claims. . . . But there are also plenty of cases holding the FLSA does not *generally* preempt state law claims in a given case." Id. at

8

885-886.

The Court agrees with the decisions of both <u>Osby</u> and <u>Bouaphakeo</u>.  Plaintiffs in the instant case have asserted that their state law claims are not dependent on proving a violation of the FLSA.  However, even if the state law claims were found to be duplicative, the Court in <u>Bouaphakeo</u> found that the state claims were not preempted. Additionally, the Court is persuaded that this is the correct decision, particularly when the FLSA contains a savings clause.

### 3. Incompatibility

Defendants also argue that plaintiffs' claims are fundamentally incompatible with Section 216(b).  In support of this argument, defendants rely on an unpublished opinion in <u>Harden v. WIS Holding Corp., et al.</u>, No. 07-4076-CV-C-SOW, *3 (W.D.Mo. June 27, 2007).  In that opinion, the Court stated, "[s]everal courts have concluded that a FLSA collective action and a Fed.R.Civ.P. 23 class action are 'inherently incompatible.'" The Court cited to two decisions from the District of New Jersey in support of that proposition, <u>Himmelman v. Continental Casualty Co.</u>, No. 06-166, 2006 U.S. Dist. LEXIS 56187 (D.N.J. Aug. 11, 2006) and <u>Herring v. Hewitt Assoc., Inc.</u>, No. 06-267, 2006 U.S. Dist. LEXIS 56189, at *5-6 (D.N.J. Aug. 11, 2006).  The courts in both of these cases concluded without extensive analysis that simply because FLSA actions establish opt-in procedures and because in Rule 23 actions plaintiffs must opt-out, that the two schemes are inherently incompatible.   However, the court notes that other courts, including courts within the Eighth Circuit have come to different conclusions.  In <u>Osby</u>, Judge Laughrey stated:

> Among district courts in the Eighth Circuit, the most thorough review of

9

whether a Rule 23 action under state law may ever coexist with a 216(b) collective action was undertaken by Judge Reade of the U.S. District Court for the Northern District of Iowa.  See Salazar v. AgriProcessors, Inc., 527 F.Supp.2d 873 (N.D.Iowa Oct. 22, 2007).  In her opinion, Judge Reade addressed conflicting authority from the D.C. Circuit Court of Appeals and the Third Circuit Court of Appeals. . . . Ultimately, Judge Reade rejected the reasoning of the Third Circuit and instead adopted the D.C. Circuit's opinion that FLSA collective claims and state law Rule 23 claims could coexist. The Court agrees with the conclusion reached by Judge Reade.  Here exercise of supplemental jurisdiction over the purported state claim identified by Plaintiffs will not raise any conflicts with the FLSA. . . . It is simply too early to determine that Plaintiffs' claims may not go forward together where there is no evidence that the FLSA claims and the state law claims could not be fairly adjudicated together.

Id. 2008 WL 2074102 at * 3.  In Sjoblom v. Charter Communications, L.L.C., No. 3:07-CV-0451-BBC, 2007 WL 4560541 (W.D.Wis. Dec. 19, 2007), the Court observed:

Courts are split on whether a plaintiff can bring simultaneous federal and state class actions for the same underlying labor violations. The Court of Appeals for the Seventh Circuit has not yet addressed this issue, but the courts of appeals for the District of Columbia and the Third Circuit and several district courts have ruled on it. . . . The Court of Appeals for the District of Columbia and many district courts have held that the Fair Labor Standards Act does not preclude Rule 23 class relief for state wage claims brought in federal court. . . .  the Court of Appeals for the Third Circuit and other district courts have reasoned that allowing plaintiff to proceed with his state law class claims would thwart congressional intent by bringing unnamed parties through the back door of state statutes.

Id. at * 8-9 (internal citations omitted).  At the present time, it does not appear that the Eighth Circuit has specifically addressed this issue.  This Court is inclined to follow the lead of the other district courts within the Eighth Circuit that have addressed the issue. The Court agrees with Judge Laughrey's opinion in Osby that it is simply too early to determine that plaintiffs' FLSA and state law claims may not proceed together. Accordingly, defendants' motion to dismiss based on incompatibility between the FLSA and Rule 23 is hereby **DENIED**.

10

### 4. Rules Enabling Act

Defendants also argue that the Rules Enabling Act prohibits application of any procedural rule, like Rule 23 which would "abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072 (b). Defendants argue that when Congress enacted § 216(b), it granted employers a substantive right to defend claims for unpaid overtime only against individuals who bring or affirmatively opt-in to an action. Defendants assert that allowing plaintiffs to bring their Rule 23 class action would extinguish the substantive rights of potential § 216(b) class members who wanted to bring their own actions.

Plaintiffs state that the majority of courts which have considered this argument have rejected it. In Osby, the Court also dealt with this argument and noted, "the only courts that have addressed this argument that the Rules Enabling Act prohibits Rule 23 state law wage claims to be brought with FLSA collective actions have uniformly and squarely rejected it." Id. at *4 (internal citations and quotations omitted). See also Damassia v. Duane Reade, Inc., 250 F.R.D. 152,165 (S.D.N.Y. May 27, 2008)("By its own terms, the FLSA opt-in requirement does not confer rights on employers or employees with respect to the manner of litigation of state law wage claims. Accordingly, the Rules Enabling Act presents no barrier to certification of the class plaintiffs propose."). The Court agrees and finds that the Rules Enabling Act provides no basis on which to dismiss plaintiffs' state law claims.

### 5. At-Will Employment Doctrine

Defendants argue that plaintiffs were at-will employees and thus their employment and the terms and conditions could be changed without their consent. In

support of this assertion, defendants cite to this Court's decision in Stubbs v. Ford Motor Co., No. 05-923-CV-W-FJG, 2008 WL 926404 (W.D.Mo. Mar. 31, 2008). Defendants state that "this court has ruled that the at-will employment doctrine precludes breach of contract, quasi contract and other state law claims." Defendants then extend the argument and assert that because the plaintiffs in this case were at-will employees, the terms and conditions of their employment could be changed without their consent and plaintiffs' state law claims should be dismissed.

The facts of Stubbs however are significantly different than the facts in the present action. In Stubbs, the plaintiff began work as an hourly employee, but was promoted over the years into a salaried supervisor position. The defendant in that case had at one time paid salaried exempt employees overtime for hours they worked beyond the ten hour production schedule. However, the defendant made a decision to stop this practice. In addition to asserting a claim under the FLSA, plaintiff also brought two breach of contract claims. Defendant moved to dismiss plaintiffs' breach of contract claims because he was an at-will employee. In that case, the plaintiff had signed an employment agreement. The agreement stated that plaintiff acknowledged that the terms in the agreement were the entire terms of his employment and that there were no other arrangements, agreements or understandings either oral or written regarding his present or future employment. Id. at *4. In Stubbs, this Court determined that plaintiff was not entitled to overtime compensation after the parties had completed discovery and fully briefed the issue. In the instant case, discovery has barely begun and there are few details available regarding the plaintiffs' employment situation. The Court does not find that the Stubbs case mandates dismissal of plaintiffs' claims. Accordingly,

12

defendants' motion to dismiss on the basis of the employment at-will doctrine is hereby **DENIED**.

### D. Motions for Partial Summary Judgment

### 1. Tina Robertson

Defendants state that the Department of Labor ("DOL") initiated an investigation of its labor practices. As a result of this investigation, LTS reached a settlement with the Department of Labor concerning the unpaid wages due to its employees. LTS provided its employees with a DOL form WH-58 along with a check for the unpaid wages. The form provided to Tina Robertson stated, "Your acceptance of back wages due under the Fair Labor Standards Act means that you have given up any right you may have to bring suit for back wages under Section 16(b) of the Act." Plaintiff signed the form on April 9, 2008 and returned it to LTS. Plaintiff endorsed and deposited the check which was issued to her for her back wages. Defendants argue that by signing the form and depositing the check, plaintiff has waived her right to file suit under the FLSA.

In opposition, plaintiff argues that there is a genuine issue of fact regarding the validity of the form submitted by defendants. Plaintiff argues that the form is an invalid waiver because a large portion of it, including the section explaining plaintiff's wavier of rights is illegible. Plaintiff also asserts that the records on which the DOL relied upon in reaching the settlement agreement were fraudulently altered by the defendants. Additionally, plaintiff argues that defendants should be barred from claiming that she waived her rights under the FLSA, when they knew that she had filed a lawsuit. Plaintiffs state that defendants make no efforts to ascertain whether plaintiff intended to

13

waive her claims and made no demand that the lawsuit be dismissed. Additionally, plaintiff states that in order for a DOL waiver to be valid, the defendant must maintain contact with the Department of Labor during the audit and the employee's signed receipt must be forwarded to the Department. In this case, plaintiff states that defendants have not offered any evidence to show that these requirements were met. Plaintiff states that the defendants' Motion for Summary judgment is premature at this time and that the motion should be stayed until further discovery can be conducted.

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the moving party meets this requirement, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. 242, 248 (1986). In Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986), the Court emphasized that the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts" in order to establish a genuine issue of fact sufficient to warrant trial. In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushia, 475 U.S. 574, 588; Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985).

14

In the instant case, the Court finds that plaintiff has raised several genuine issues of material facts which preclude the entry of summary judgment at this time. The Court believes that these issues can be better addressed after further discovery has taken place. Accordingly, Defendants' Motion for Partial Summary Judgment on the FLSA Claim of Tina Robertson is hereby **DENIED** (Doc. # 64).

**2. Cathy McCready**

Defendants also move for summary judgment on the FLSA claim of Kathy McCready, arguing that she was sent a form WH-58 which advised her that she was giving up her right to bring a claim under the FLSA. Defendant states that plaintiff cashed the settlement check and that this constitutes a waiver and dismissal of any FLSA claims she may have had.

Plaintiff argues that she did not sign a form WH-58 and that defendants have not produced a copy of the form that was sent to her. Additionally, plaintiff argues that simply cashing a check, without signing a settlement waiver form does not waive FLSA claims. Plaintiff also argues that defendants should be barred from claiming that she waived her claims, when they knew that she has opted into this lawsuit at the time the checks were issued. Plaintiff states that defendants did not ascertain whether she intended to waive her claims and made no demand that the lawsuit be dismissed. Plaintiff also notes that there are genuine issues of fact regarding whether the defendants followed the proper procedures in issuing the waiver forms and the checks. Plaintiff argues that without the official DOL findings regarding the audit, it is impossible to determine if the amount of money provided to the plaintiff was the amount that the

15

DOL determined should have been paid. Additionally, plaintiff argues that there is a question of fact regarding whether the time records which defendants provided to the DOL were falsified or altered. Plaintiff states that the motion for summary judgment is premature and should be stayed in order to allow the parties to conduct further discovery on these issues.

As with the other motion for summary judgment, the Court finds that plaintiff has raised several genuine issues of material facts which preclude the entry of summary judgment at this time. The Court believes that these issues can be better addressed after further discovery has taken place. Accordingly, Defendants' Motion for Partial Summary Judgment on the FLSA Claim of Kathy McCready is hereby **DENIED** (Doc. # 63).

### E. Motions to Strike Affirmative Defenses from Mark Curry's Answer

Plaintiffs have moved to strike certain affirmative defenses from defendant Curry's Answer (Doc. # 80). Plaintiffs move to strike the defenses of laches, estoppel, lack of standing due to lack of ownership interest and comparative fault. Additionally, plaintiff states that defendants have failed to plead facts satisfying the notice pleading requirement for several of the affirmative defenses.

> Federal Rule of Civil Procedure 12(f) provides that, "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Although the Court enjoys "broad discretion" in determining whether to strike a party's pleadings, such an action is "an extreme measure." Stanbury Law Firm v. IRS, 221 F.3d 1059, 1063 (8th Cir. 2000)(internal quotations and citations omitted). Accordingly, motions to strike are "viewed with disfavor and are infrequently granted." Id. A motion to strike will not be granted if "the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits." Kuhlmeier

v. Hazelwood Sch. Dist., 578 F.Supp. 1286, 1295 (E.D.Mo. 1984); see
also FDIC v. Coble, 720 F.Supp. 748, 750 (E.D.Mo. 1989)(holding a
motion to strike will not be granted "unless, as a matter of law, the defense
cannot succeed under any circumstances, or is immaterial in that it has no
essential or important relationship to the claim for relief.")(internal
quotations and citations omitted).

Cynergy Ergonomics, Inc. v. Ergonomic Partners, Inc., No. 4:08-CV-243 (JCH), 2008

WL 2817106, *2 (E.D.Mo. July 21, 2008).

**1. Laches**

Plaintiffs argue that laches is an insufficient defense to their FLSA claims,

because courts have repeatedly held that the doctrine of laches does not apply because

of the statute of limitations contained in the Portal-to-Portal Pay Act.  Defendant Curry

argues that this defense should not be stricken, because it is applicable only to plaintiffs'

claims for unjust enrichment.  In reply, plaintiff does not deny that this defense can be

raised in response to the claim for unjust enrichment.  Plaintiffs also note that as

originally pled, it appeared that Curry was asserting this defense against all of plaintiffs'

claims. Accordingly, the Court hereby **DENIES** plaintiffs' Motion to Strike this defense.

**2.  Estoppel, Lack of Standing, Comparative Fault**

Plaintiffs also argue that estoppel, lack of standing and comparative fault are

insufficient defenses to FLSA claims.  Defendant Curry states that under certain

circumstances, such as where the employee falsified time records or affirmatively

misled his employer regarding the number of hours worked, plaintiffs have been

estopped from recovery under the FLSA.  The Court agrees that generally estoppel is

not allowed as a defense to a FLSA claim.  However, in Wlodynski v. Ryland Homes of

Florida Realty Corp., No. 8-08-CV-00361-JDW-MAP, 2008 WL 2783148 (M.D.Fla. July

Case 4:07-cv-00865-FJG   Document 107   Filed 10/09/08   Page 17 of 22

17, 2008), the Court noted that a narrow exception to the general rule exists, "estoppel provides an available affirmative defense when 'the employee affirmatively misleads the employer regarding the number of hours worked and the employer has no knowledge of the employee's actual hours.'" Id. at *3 (quoting McGlothan v. Walmart Stores Inc., 2006 WL 1679592 *2 (M.D.Fla. 2006)). At this early stage of the case, the Court is unable to state definitely that this defense could not succeed under any circumstances. Therefore, the Court will decline to strike this affirmative defense.

Plaintiffs also argue that defendant Curry's lack of standing due to his lack of an ownership interest is an insufficient defense because the Supreme Court has held that individuals who lack a 'possessory interest' in a corporation may nevertheless be determined to be an employer under the FLSA. Curry states that he previously held an ownership interest in LTS until November 18, 2005, when he entered into certain agreements that divested his ownership interest. He states that he relinquished his ownership interests in LTS seven months to a year before plaintiffs Robertson, Porter and Reynolds were employed by LTS. The Court finds again that this is a fact based question, which will be resolved once discovery has taken place. Thus, the Court finds no basis for striking the affirmative allegation.

Plaintiffs also argue that comparative fault is an insufficient defense to a FLSA claim. Curry argues that to the extent he can show that plaintiffs' conduct or the conduct of third parties caused plaintiffs' damages, then plaintiffs' recovery from Curry would be barred or limited. Plaintiffs argue that Curry ignores Eighth Circuit authority which bars comparative fault under the FLSA. Plaintiff cites to Mumbower v. Callicott, 526 F.2d 1183 (8th Cir. 1975), which stated, "[d]efendant's contention that plaintiff

18

agreed to the conditions of her scheduled workweek is no defense." Id. at 1188.

However, the case does not say that this defense cannot ever be raised in the context

of a FLSA action.  In that case, the question was how many hours should the plaintiff be

compensated for, when the defendant 'knew or had reason to believe' that the

employee was continuing to work.  Id.  As the case does not stand for the proposition

that this defense may never be raised, the Court finds no basis on which to strike it.

Finally, plaintiffs allege that Curry has failed to plead facts satisfying the notice

pleading requirement for the following affirmative defenses: failure to state a cause of

action, waiver, laches, estoppel, satisfaction and release, comparative fault and

supplemental jurisdiction.  Curry argues that his affirmative defenses are pled

sufficiently to put plaintiffs on notice of the defenses upon which Curry intends to rely.

In Cynergy Ergonomics, 2008 WL 2817106, the Court stated, "[g]enerally, a limitations

defense, which is similar to a laches defense, need 'not be articulated with any rigorous

degree of specificity and is sufficiently raised for purposes of Rule 8 by its bare

assertion.'" Id. at * 3, citing Buttice v. G.D. Searle & Co., 938 F.Supp. 561, 565 (E.D.Mo.

1996).  Some Courts have found that equitable defenses such as laches, waiver,

estoppel and unclean hands are required to be pled with the specific elements to

establish the defense.  In Voeks v. Wal-Mart Stores, Inc., No. 07-C-0030, 2008 WL

89434, *7 (E.D.Wis. Jan. 7, 2008), the Court stated, "[e]quitable defenses 'must be pled

with the specific elements required to establish the defense.' Marina Bartashnik v.

Bridgeview Bancorp, Inc., 2005 WL 3470315, *4 (N.D.Ill. 2005)(quoting Yash Raj Films

Inc. v. Atlantic Video, 2004 WL 1200184 at *3 (N.D.Ill. May 28, 2004)). 'These defenses

require at least some direct or inferential allegations as to each element of the defense

19

asserted.' Yash Raj Films, 2004 WL 1200184 at *3." The Court has not found any caselaw within the Eighth Circuit which requires such specificity in pleading with regard to equitable defenses. Defendant Curry lists the following Affirmative Defenses in his Answer:

> 74. Plaintiffs' purported claims, and each of them, are barred by the doctrine of laches.
>
> 75. Plaintiffs' purported claims, and each of them, are barred by the doctrine of estoppel.
>
> 76. Plaintiffs' purported claims and each of them, are barred by the doctrine of waiver.
>
> 77. Plaintiffs' purported claims, and each of them, are barred by the doctrines of satisfaction and release.
>
> 78. Plaintiffs' state law claims should be dismissed because the Court lacks supplemental jurisdiction over those claims.

Instead of striking these affirmative defenses the Court will allow defendant Curry to amend his affirmative defenses to more fully state the factual basis for these defenses. Accordingly, defendant Curry shall file an amended Answer on or before **Friday, October 24, 2008**. Accordingly, plaintiffs' Motion to Strike the Affirmative Defenses from defendant Curry's Answer is hereby **DENIED** (Doc. # 80).

### F. Motion to Strike Affirmative Defenses from Defendants LTS Management Services and Kimball's Answer

#### 1. Incompatibility between Collective and Class Actions is an Insufficient Defense to an FLSA Claim.

Plaintiffs state that defendants' affirmative defense that the FLSA and the state law Rule 23 class action claims are inherently incompatible, violate Congressional policy and create confusion are entirely without merit and should be stricken. As discussed

20

above, the Court has already determined that the claims are not incompatible and do not violate Congressional policy or create unnecessary confusion.  Accordingly, the Court will **GRANT** plaintiffs' Motion to Strike this affirmative defense.

### 2. Preemption/Preclusion of State Wage Related Claims by the FLSA and/or the Rules Enabling Act.

As the Court has already determined that the plaintiffs state wage related claims are not preempted or precluded by the FLSA and/or the Rules Enabling Act, the Court will also **GRANT** plaintiffs' Motion to Strike these affirmative defenses.

### 3. State of Frauds is an Insufficient Defense

Plaintiffs state that under Missouri law, the statute of frauds only applies to oral contracts covering a time period of more than one year or that are to be performed within one year.  Mo.Rev.Stat. § 432.010.  Plaintiffs state that the oral contracts at issue were to be performed within smaller increments of time than one year.  Even assuming that statute of frauds applied, plaintiffs state that the paychecks signed by defendants and other documents such as compensation, bonus policies and time keeping data would constitute the written memorandums needed to satisfy the statute's writing requirement.

### 4.  Failure to Plead Facts Satisfying Notice Pleading Requirement

Plaintiffs argue that defendants have pled the affirmative defenses of FLSA preemption, REA preclusion and statute of frauds with conclusory statements and therefore the defenses should be stricken because they fail to meet the notice pleading requirements of Rule 8.  With regard to the preemption and preclusion defenses, the Court has already determined that these defenses should be stricken, so the Court

Case 4:07-cv-00865-FJG   Document 107   Filed 10/09/08   Page 21 of 22

need not address those defenses. In their Answers to plaintiffs' First Amended Complaint, defendants state only that "plaintiffs' breach of contract claims are barred by the statute of frauds." (Answer to Amended Complaint ¶ 80). The Court finds that rather than striking this affirmative defense, the better course would be to allow defendants to amend their Affirmative Defense to more clearly delineate the basis for these defenses. Accordingly, defendants shall file an amended Answer on or before **Friday, October 24, 2008**. Therefore, plaintiffs' Motion to Strike Affirmative Defenses from defendants' Answer is hereby **GRANTED in part** and **DENIED in part** (Doc. # 84).

## III. CONCLUSION

For the reasons stated above, plaintiffs' Motion to Certify Class Under § 216(b) is hereby **GRANTED** (Doc. # 44); defendants' Motion to Dismiss Counts II-V is hereby **DENIED** (Doc. # 61); defendants' Motion for Partial Summary Judgment on the FLSA Claim of Cathy McCready is hereby **DENIED** (Doc. # 63); defendants' Motion for Partial Summary Judgment on the FLSA Claim of Tina Robertson is hereby **DENIED** (Doc. # 64); plaintiffs' Motion to Strike Affirmative Defenses from Defendant Curry's Answer is hereby **DENIED** (Doc. # 79) and plaintiffs' Motion to Strike Affirmative Defenses from Defendant LTS Management Services and Kimball's Answer is hereby **GRANTED in PART** and **DENIED IN PART** (Doc. # 84).


Date:___10/09/08_____                    **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                    Fernando J. Gaitan, Jr.
                                         Chief United States District Judge

22